JOHN F. BANNON *et al.*, appellants, *vs.* ANNIE M. B. BANNON, appellee.

DECEMBER 15, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Bills of Exception.   Statement of Exception.*

A bill of exceptions should contain only an enumeration of the rulings and the exceptions thereto actually taken, in the form in which they were taken each stated separately and clearly; and should not contain averments of error in the decision of the superior court.

*(2)   Bills of Exception.   Filing Transcript.   Question of Law.*

Where an objection to a decision of the lower court is one of law, which has no relation to any of the facts in the case not contained in the papers, and which solely concerns the construction of a statutory provision, no transcript need be filed, as it would be unnecessary for the determination of the exception before the court.

APPEAL FROM DECREE OF PROBATE COURT.   Heard on motion to dismiss bill of exceptions and denied.

SWEETLAND, C. J.   The above entitled cause is an appeal from a decree of the Probate Court of Central Falls setting off to the appellee, in addition to her dower, certain real estate of which her husband, Peter Bannon late of Central Falls, died seized and possessed.   The said Peter Bannon died testate.   His will was duly probated in the Probate Court of Central Falls and the appellant, John F. Bannon, was appointed and has qualified as executor thereof.

The appeal was heard before a justice of the Superior court sitting without a jury.   No testimony was introduced but the counsel for the appellee stated to the court the needs of the widow and the amount and condition of the testator's estate.   Counsel for the appellants did not question the truth of these statements and admitted that the decree of the probate court should be confirmed if an allowance to a widow whose husband died testate was warranted under the provision of Section 9, Chapter 313, General Laws, 1909. After hearing, said justice confirmed the decree of the probate court.   The appellants duly excepted to this de-

cision and filed their bill of exceptions which was allowed by said justice. The cause is now before us upon the motion of the appellee that the bill of exceptions be dismissed on the ground that the appellants are without standing here because they did not file with their bill of exceptions a transcript of the evidence and have said transcript allowed. It might be urged that as no evidence was presented before the Superior Court no transcript of evidence could be obtained. If however we should treat the statement made by counsel for the appellee at the hearing in the Superior Court and assented to by counsel for the appellants as the evidential facts in the case upon which the Superior Court acted; and it should also appear that a written statement of such facts allowed by the judge could have been filed here, nevertheless the failure of these appellants to do so would not warrant us in dismissing their exception at this time.

In their bill the appellants intend the following as a statement of their exception: "Said appellants aver that the decision of said court rendered for the appellee as appears in the papers in said cause was erroneous and as grounds therefore say that the decision is contrary to law and that appellants aver that the decision of said justice was wrong and erroneous and ought to be reversed and the exception of these appellants thereto should be sustained and judgment rendered for the appellants." This is open to the criticism that it is an averment of error in the decision of the Superior Court rather than the statement of an exception thereto and in that respect does not comply with the practice in drawing bills of exceptions adopted by this court in *Blake* v. *Atlantic National Bank*, 33 R. I. 109, and in *Dunn Worsted Mills* v. *Allendale Worsted Mills*, 33 R. I. 115. In the latter case the court said, "The only duty of an exception to a decision is to bring upon the record the fact that the party has made his legal objection to the decision." And further in the opinion, "As to the form of a bill of exceptions: except the formal parts in which the party

clearly identifies the case and the trial and concludes with a prayer for its allowance by the justice, the bill should contain only an enumeration of the rulings and the exceptions thereto actually taken, in the form in which they were taken, each stated separately and clearly." In this case after the formal introduction a proper statement of the exception would be the following: "On the eighth day of June, 1922, said justice rendered a decision for the appellee to which decision the appellants duly excepted." Although it is not explicitly before us in this matter, we have thus considered the form of the statement of exception in the bill in an endeavor to impress upon counsel the nature of a bill of exceptions and to urge the desirability of uniformity and simplicity in the statement of exceptions in a bill. We will however treat the matter contained in the bill as the statement of an exception to the decision of said justice. The bill does not in any form contain reference to any other ruling of said justice to which the appellant objects.

The purpose of the statutory requirement that with his bill of exceptions the excepting party shall also file a transcript of the evidence is that this court may have before it such of the evidence and the proceedings at the trial as relate to an alleged erroneous ruling in order that it may better understand the effect of such ruling and the nature of the exception thereto. Since the enactment of the Court and Practice Act establishing the Superior Court the provision has been the same (now contained in Section 1, Chapter 2086, Public Laws, January Session, 1921), wherein a party is required, if he wishes to bring any action of the Superior Court before us for review upon a bill of exceptions, to "file in the office of the clerk with his bill of exceptions a transcript of the evidence and the rulings thereon and of the instructions to the jury or so much thereof as may be necessary for the determination of the exception."

If in the present case at the hearing upon their exception the appellants should attempt to attack the decision as being contrary to the evidence the appellee might reasonably

urge that we should refuse to hear the appellants on that claim, because without the record of the evidence the appellants' contention could not be passed upon fairly. If however, as the appellants state, their sole objection to the decision is one of law, which has no relation to any of the facts in the case not contained in the papers, and which solely concerns the construction of a statutory provision, the presence of the transcript here would furnish no assistance in the consideration of that question and would be entirely unnecessary for its determination. In our opinion this case presents a situation under the statute in which no transcript need be filed because the same is entirely unnecessary for the determination of the exception before the court.

The appellee's motion to dismiss the bill of exceptions is denied.

· Nathan W. Littlefield, Charles W. Littlefield, for appellants.
· Cooney & Cooney, for appellee.